UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CORRINE JONES,           :
          Plaintiff,   :   **OPINION AND ORDER**
                     :   **GRANTING DEFENDANT'S**
-against-                :   **MOTION TO DISMISS**
                     :
WEILL CORNELL MEDICINE,  :   25 Civ. 3920 (AKH)
                     :
          Defendant.   :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Weill Cornell Medicine moves to dismiss Plaintiff Corrine Jones' suit, alleging disability discrimination and retaliation under the Americans with Disabilities Act ("ADA") and related state and local law claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), for failure to state a claim for which relief may be granted. For the reasons that follow, I grant Defendant's motion and dismiss this case.[1]

## BACKGROUND

      Plaintiff was employed by Defendant as a mammography technician for over 20 years. In response to the COVID-19 pandemic, on June 10, 2021, Defendants promulgated a mandatory COVID-19 vaccination policy (the "Policy"), under which all employees were required to receive the COVID-19 vaccine by September 1, 2021. Employees who did not comply with the Policy, which contained medical and religious exemptions, would not be allowed to return to work and would be placed on unpaid leave.

---

[1] Though Plaintiff did not respond to Defendant's motion to dismiss, I have made my own assessment of the merits of Plaintiff's amended complaint based on my "own reading of the pleading and knowledge of the law." *Goldberg v. Danaher*, 599 F.3d 181, 184 (2d Cir. 2010).

1

Plaintiff avers that she requested a medical accommodation to the Policy on July 28, 2021. In support of this request, she submitted a letter from her internist stating that the COVID-19 vaccine would be detrimental to Plaintiff's health since when she previously received the flu vaccine, she experienced an adverse reaction that resembled symptoms of Guillain-Barre Syndrome "("GBS")", a rare autoimmune disorder. She alleges that Defendant denied Plaintiff this accommodation on August 12, 2021, despite the fact that Plaintiff was qualified and able to perform the essential functions of her job, and could have worn personal protective equipment, such as a mask, to mitigate the spread of the Coronavirus. Defendant terminated Plaintiff's employment on October 1, 2022.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the complaint, I must "accept all well-pleaded factual allegations in the complaint as true" and "construe all reasonable inferences in the light most favorable to the plaintiff." *Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020) (citation omitted).

## DISCUSSION

Plaintiff fails to state a claim for which relief may be granted under the ADA. To cognizably state a claim for disability discrimination under the ADA, a plaintiff must plausibly allege, *inter alia*, that she "is disabled within the meaning of the ADA or perceived to be so by her employer." *Perez v. N.Y. Presbyterian/Weill Cornell Med. Ctr.*, 23 Civ. 6152 (CS), 2024 U.S. Dist. LEXIS 63949, at *10 (S.D.N.Y. Apr. 8, 2024). The ADA defines a disability as "a

2

physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(1). To establish a disability under the first prong, "a plaintiff must: (1) show that she suffers from a physical or mental impairment; (2) identify the activity claimed to be impaired and establish that it constitutes a major life activity; and (3) show that her impairment substantially limits the major life activity previously identified." *Perez*, 2024 U.S. Dist. LEXIS 63949, at *11-12. But "allegations that merely track the language of the statute or vague, conclusory assertions without details on how a plaintiff's condition actually affects a major life activity are insufficient to survive a motion to dismiss." *Id.* at *13 (quoting *Baluch v. 300 W. 22 Realty, LLC*, 21 Civ. 9747 (JPO), 2023 U.S. Dist. LEXIS 2092, at *13-14 (S.D.N.Y. Jan. 5, 2023)).

Here, Plaintiff's ADA disability discrimination claim does not meet these strictures. She merely alleges that she previously experienced an adverse reaction to a flu vaccine, without pleading allegations as to the frequency, severity or duration of her past reaction to the vaccine. *Id.* at *14; *see also Shaughnessy v. Xerox Corp.*, 12 Civ. 6158, 2015 U.S. Dist. LEXIS 39537, at *8 (W.D.N.Y. Mar. 27, 2015) ("It is well-settled that a temporary, non-severe injury does not constitute a disability under the ADA because such an injury does not substantially impair the person suffering the injury."). Her conclusory allegations as to GBS—which are belied by her physician's letter, stating that she merely experienced GBS-like symptoms after receiving the flu shot in the past, *see* ECF No. 1-1—are insufficient to plausibly allege disability discrimination under the ADA.[2] *See, e.g., Perez*, 2024 U.S. Dist. LEXIS 63949, at *17-18 (dismissing ADA

---

[2] I need not credit an inference in the amended complaint that Plaintiff has GBS, since "[i]f a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true."

3

claim where defendant denied plaintiff, who alleged a prior allergic reaction to the flu vaccine, a COVID-19 vaccine exemption); *Norman v. NYU Langone Health Sys.*, 492 F. Supp. 3d 154, 165-66 (S.D.N.Y. 2022) (same).

In a similar vein, Plaintiff also fails to plausibly plead a retaliation claim under the ADA. The succeed on such a claim, a plaintiff must prove that (1) he was engaged in a protective activity, (2) the alleged retaliator knew of such, (3) an adverse action was taken against him, and (4) but-for the protected activity, the adverse action would not have been taken. *Natofsky v. City of N.Y.*, 921 F.3d 337, 353 (2d Cir. 2019); *Sharikov v. Philips Med. Sys. MR*, 103 F.4th 159, 170 (2d Cir. 2024). But where, as here, "the allegations in the complaint make clear that [plaintiff] was fired because of [her] failure to comply with the company-wide vaccine policy," Plaintiff's ADA retaliation claim must be dismissed. *Sharikov*, 103 F.4th at 171.

Having dismissed Plaintiff's ADA claims, I decline to exercise supplemental jurisdiction over Plaintiff's ancillary NYSHRL and NYCHRL claims. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

## CONCLUSION

Based on the foregoing, I dismiss Plaintiff's amended complaint in its entirety. Since neither Plaintiffs' complaint, nor her amended complaint, contain allegations or representations that suggest a cognizable claim for relief, granting leave to amend would not be productive. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

---

*Lombardo v. Seuss Enters., L.P.*, 16 Civ. 9974 (AKH), 2017 U.S. Dist. LEXIS 64854, at *13 (S.D.N.Y. Apr. 7, 2017).

4

The Clerk of Court shall terminate ECF No. 9 and close this case.

SO ORDERED.

Dated:    August 25, 2025
           New York, New York

                                            ALVIN K. HELLERSTEIN
                                            United States District Judge

5